**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**

KERAFIBER, LLC.,
a Florida limited liability company,

                Plaintiff,        Case No. _____

vs.

MELISSA VAN ZANDT,
an individual, and
JOHN DOES 1-10, individually and
collectively,

                Defendants.
_____/

**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiff Kerafiber, LLC, a Florida company, ("Plaintiff", or "Kerafiber"), through its undersigned counsel, complain and allege against Defendant Melissa Van Zandt ("Defendant" or "Van Zandt"), and Defendants John Doe(s) 1-10 ("Unidentified Defendants", and collectively with Van Zandt, the "Defendants") as follows:

**NATURE OF THE DISPUTE**

1. This is an action for trademark counterfeiting, trademark infringement, and for violations of Florida state common law and related causes of action brought pursuant to the Lanham Act 15 U.S.C. §1051, *et. seq.*, specifically, 15 U.S.C. §1125(a) and (b), and Section 501.201 *et seq.* of Florida law. Through this action, Kerafiber seeks injunctive relief and damages arising from Defendants' willful misappropriation of Kerafiber's trademark, WUNDERBROW. Upon

1

information and belief, Defendants import, distribute, promote, offer for sale, and/or sell products that display counterfeit versions of its WUNDERBROW trademark.

2. Kerafiber devotes substantial resources to promoting the goodwill of its WUNDERBROW trademark in connection with Kerafiber's sale and distribution of a line of eyebrow-related cosmetics in the United States and around the world.  Through Kerafiber's efforts, the WUNDERBROW trademark has become synonymous with high-fashion, high-quality eyebrow makeup on a worldwide basis.

3. Attempting to capitalize on the strength and worldwide fame of the WUNDERBROW trademark, the Defendants have offered for sale and sold counterfeit merchandise that display the WUNDERBROW trademark or a substantially indistinguishable reproduction thereof.  In an effort to confuse customers into believing that they are buying genuine WUNDERBROW merchandise, Defendants promote their counterfeit products as being authentic or a resale of legitimate WUNDERBROW products.  Defendants have offered for sale and sold their counterfeit products through online retailers, such as Amazon.com, without Kerafiber's permission or authority.  Defendants' counterfeiting and infringement if the WUNDERBROW trademark is likely to cause, and has caused, consumers to believe mistakenly that Defendants are wither affiliated with, sponsored by, or somehow connected to Kerafiber, or that the counterfeit products marketed and sold by Defendants either are genuine WUNDERDROW products, or, were endorsed or authorized by Kerafiber.

4. For these and other reasons, Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable injury to Kerafiber and an incalculable loss of goodwill and damages.

## THE PARTIES

### Plaintiff

5. Plaintiff is a limited liability company duly organized and existing under the laws of the state of Florida, with a principle place of business at 66 West Flagler Street, Suite 918, Miami Florida 33130

### Defendant

6. Upon information and belief, defendant Van Zandt is an individual residing at 225 Arden Place, Alpharetta, Georgia 30022. Upon information and belief, Van Zandt has sold, and may still be selling, counterfeit products bearing the WUNDERBROW trademark through various online retail venues, including but not limited to Amazon.com, and using an email address of antiagingandcosmetics@gmail.com.

7. Upon information and belief, the Unidentified Defendants are comprised of one or more persons who are currently unknown to Kerafiber but who are believed to have aided and abetted, or otherwise facilitated, Van Zandt's efforts as described in this Complaint.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 USC §1121, 28 USC §§1331 and 1338(a) for claims arising out of the Lanham Act; has supplemental jurisdiction pursuant to 28 USC §1367 for the claims arising under Florida law; and has jurisdiction pursuant to 28 U.S.C. §1338(b) and 1367 for the claims under the common law of unfair competition.

9. This Court has jurisdiction over Defendants. Upon information and belief, Defendant Van Zandt conducts business in this venue and has sold counterfeit products within this judicial

district. Defendant Van Zandt also offers for sale and sells merchandise to customers in the United States, Florida, and this judicial district through Amazon.com, among other ways. Jurisdiction is proper over Van Zandt because the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Kerafiber in Florida and in this judicial district.

10. Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district. Venue in this Court is therefore proper under 28 USC §1391.

**FACTUAL BACKGROUND**

11. Kerafiber's WUNDERBROW line of cosmetics is recognized by consumers worldwide, specifically with regard to Kerafiber's line of eyebrow cosmetic products. The WUNDERBROW eyebrow product has been featured in numerous fashion venues and magazines, including but not limited to publications such as Vogue, Cosmopolitan, ELLE, and Glamour. Further, Kerafiber promotes its WUNDERBROW line of cosmetics through its website, located at <www.wunderbrow.com>. The WUNDERBROW eyebrow product has been purchased by tens of thousands of customers worldwide.

12. The trademark WUNDERBROW has been used conspicuously and continuously on Kerafiber's eyebrow cosmetic product since 2012. Kerafiber has applied for a federal trademark registration in the trademark WUNDERBROW with regard to cosmetics, and that application is pending before the United States Patent and Trademark Office under Serial Number 87115999. The WUNDERBROW trademark is also currently registered as a trademark to Kerafiber in the United Kingdom (UK 00003112653), and in the European Union (EU 014230965).

13. In an effort to promote the WUNDERBROW trademark and to establish goodwill therein, Kerafiber has advertised and distributed merchandise displaying the WUNDERBROW

trademark throughout the United States, in Florida and within this judicial district. Kerafiber's advertising, promotional, and marketing efforts have resulted in widespread and favorable public acceptance and recognition of the WUNDERBROW trademark.

### Defendants' Sale of Counterfeit Products

14. In 2016, Van Zandt sold WUNDERBROW products to Amazon.com for the purpose of enabling and encouraging Amazon.com to resell those products to consumers worldwide.

15. According to Amazon.com's records, Van Zandt sold thousands of dollars of WUNDERBROW products Amazon.com; however, Kerafiber has examined several of the items that Van Zandt supplied to Amazon.com, and all of the WUNDERBROW-labeled products sold by Van Zandt that were acquired by Kerafiber were counterfeit.

16. Through her activities, Van Zandt and the Unidentified Defendants engaged in the business of importing, distributing, supplying, promoting and/or selling counterfeit WUNDERBROW products.

17. To further deceive Amazon.com into believing that the items that she sold to Amazon.com account were authentic, Van Zandt and the Unidentified Defendants also packaged the counterfeit WUNDERBROW products with packaging featuring the WUNDERBROW trademark. Upon information and belief, none of the allegedly authentic WUNDERBROW merchandise sold by Van Zandt and the Unidentified Defendants were manufactured, packaged, or approved for sale and/or distributed by Kerafiber.

18. Defendants have engaged in a pattern and practice of importing, distributing, offering for sale, and/or selling a variety of products that feature copies of the WUNDERBROW trademark without any license, authority, or other permission from Kerafiber. By and through their actions,

and their knowing and conscious disregard for Kerafiber's rights to the WUNDERBROW trademark, Defendants activities were willful.

19. Even though Defendants' counterfeit products are of inferior quality, they appear superficially similar to genuine WUNDERBROW products. Defendants' actions are intended to deceive and mislead consumers into believing that Defendants or their products are authorized, sponsored by, or connected to WUNDERBROW. By these actions, and Defendants' promotion and sale of counterfeit WUNDERBROW merchandise through seemingly "official" or "legitimate" sites (such as Amazon.com), Defendants' actions are intentional and willful, and have cause and continue to cause great damage to Kerafiber. The activities of Defendants complained of herein have and continue to irreparably harm Kerafiber and the distinctive quality of the WUNDERBORW trademark.

## FIRST CLAIM FOR RELIEF
## Common Law Trademark Infringement

20. Kerafiber hereby incorporates by reference and re-alleges each and every allegation of paragraphs 1 through 19, above.

21. At all times material to this litigation, Kerafiber has used the WUNDERBROW trademark in interstate commerce in an open and obvious manner, in conjunction with its manufacture, sale, and distribution of its eyebrow-related cosmetics.

22. The WUNDERBROW trademark is inherently distinctive and is associated in the mind of the public with Kerafiber and Kerafiber's line of eyebrow-related cosmetics.

23. Defendants have used the WUNDERBROW trademark without Kerafiber's consent or authorization. Defendants' use, including the importation, sale, offer for sale, and/or distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the

mind of the public, leading the public to believe that Defendants' products emanate or originate from Kerafiber, or that Kerafiber has approved, sponsored, or otherwise associated itself with Defendants or their counterfeit products.

24. Through their unauthorized use of the WUNDERBROW trademark, Defendants are unfairly benefiting from Kerafiber's goodwill and reputation, as well as the fame of the WUNDERBROW mark. This has resulted in substantial and irreparable injury to the public and to Kerafiber.

25. Defendants' acts constitute trademark infringement.

26. Defendants' acts have caused, and will continue to cause, irreparable injury to Kerafiber. Kerafiber has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

27. Kerafiber hereby incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 26 above.

28. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, inter alia, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

29. As a result of Kerafiber's craftsmanship, care and service in producing and providing genuine Kerafiber cosmetics, these cosmetics have become widely known and have acquired a

worldwide reputation for excellence. Moreover, the WUNDERBROW trademark has become uniquely associated with Kerafiber, and has come to symbolize the reputation for quality, workmanship, and luxury associated with Kerafiber and its line of cosmetics.

30. By making unauthorized use in interstate commerce of the WUNDERBROW trademark, Defendants have used false designations of origin and false representations in connection with the importation, distribution, advertising, promotion, offering for sale, and/or sale of goods that are likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Kerafiber and as to the origin, sponsorship, association, or approval of Defendants' goods by Kerafiber in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (b)

31. Defendants' wrongful acts will continue unless enjoined by this Court.

32. Defendants' acts have caused, and will continue to cause, irreparable injury to Kerafiber. Kerafiber has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF
### Florida's Deceptive and Unfair Trade Practices Act

33. Kerafiber hereby incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 32 above.

34. Florida Statute § 501.201 *et seq*., is known as Florida's Deceptive and Unfair Trade Practices Act, or "FDUTPA".

35. The purpose of FDUTPA is to protect "legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fl. Stat. §501.202(2).

36. FDUTPA provides that a private litigant may bring an action under FDUPTA if that litigant "has suffered a loss as a result of a violation" of FDUTPA. Fl. Stat. §501.211(2).

37. Through their importation, distribution, advertisement, promotion, offering for sale, and sale of products bearing marks confusingly similar to the WUNDERBROW trademark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of Florida and has resulted in injury to consumers in Florida, and injury to Kerafiber's legitimate business interests.

38. By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of FDUTPA.

39. Defendants' acts have caused, and will continue to cause, irreparable injury to Kerafiber. Kerafiber has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF
### Unfair Competition Under Common Law

40. Kerafiber hereby incorporates by reference and re-alleges each and every allegation of Paragraphs 1 through 39 above.

41. By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the State of Florida.

42. Defendants' acts have caused, and will continue to cause, irreparable injury to Kerafiber. Kerafiber has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE, Kerafiber prays:**

A. For judgment that Defendants Van Zandt and the Unidentified Defendants (i) have engaged in trademark infringement; (ii) have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (b); (iii) have engaged in deceptive acts and practices under Florida

Statutes Section 501.201; (iv) have engaged in unfair competition and false advertising in violation of the common law of the State of Florida.

B. That a preliminary and permanent injunction be issued enjoining and restraining Van Zandt and the Unknown Defendants, and each of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them from:

(i) Using the Wunderbrow trademark or any other reproduction, counterfeit, copy or colorable imitation of the Wunderbrow trademark on or in connection with any goods or services;

(ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Kerafiber's business reputation or harm the distinctive quality of the Wunderbrow trademark, including through the continued importation, distribution, sale or offering for sale of the counterfeit Kerafiber products;

(iii) Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Wunderbrow trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products or their packaging;

(iv) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Kerafiber, or are sold, manufactured, licensed, sponsored, approved, or authorized by Kerafiber;

(v) Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe or dilute the Wunderbrow trademark; and

(vi) Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v).

C. For the entry of an order directing Van Zandt and the Unknown Defendants to deliver up for destruction to Kerafiber all products, advertisements, promotional materials, and packaging in their possession or under their control bearing the Wunderbrow trademark, or any simulation,

reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same;

D. For an assessment of: (a) damages suffered by Kerafiber; or, in the alternative, (b) all illicit profits that Van Zandt and the Unknown Defendants have derived while using counterfeits or infringements of the Wunderbrow trademark; (c) an award of Kerafiber's costs and attorneys' fees to the full extent permitted and/or to the extent that this Court deems such remedy to be adequate and reasonable; (d) profits, damages and fees, to the full extent available, pursuant to Florida law; and (e) punitive damages to the full extent available under the law.

E. For an order directing Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

F. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated: <u>January 11, 2017</u>

                                                     Respectfully submitted,

Law Office of Bradley Gross, PA
Attorneys for Plaintiff, Kerafiber LLC

By: _____
      Bradley J. Gross, Esq.
      Florida Bar No. 059137

      Email: brad@bradleygross.com
      p. 954-217-6225
      f. 954-252-4435